**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                    Case No. 3:20-cr-123-MMH-PDB

DUANE LAMONTE MCCRAY

_____/

## ORDER

Defendant Duane Lamonte McCray is serving a 60-month term of imprisonment for possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c). (Doc. 98, Judgment)[1] This case is before the Court on McCray's Motion to Dismiss Indictment Per Rule 12(b)(2), filed on May 11, 2023. (Doc. 108, Motion)[2]

In the Motion, McCray argues that the Indictment should be dismissed for lack of jurisdiction. See generally Motion.

McCray is a pro se litigant in federal custody under this Court's Judgment. "Under well-settled principles in this circuit, pro se applications for post-conviction relief are to be liberally construed." United States v. Brown, 117

---

[1] The Court entered Judgment on March 7, 2022. Id. McCray did not file a notice of appeal. As a result, his conviction and sentence became final on March 21, 2022, when time expired to file a notice of appeal. See Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999).

[2] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

1

F.3d 471, 475 (11th Cir. 1997) (citations omitted). In general, a motion to vacate under 28 U.S.C. § 2255 is the exclusive remedy for a person in federal custody who wishes to challenge the lawfulness of his conviction or sentence. See id. ("Because Brown was in custody within the meaning of § 2255 when he filed his petition in the district court, … § 2255 was his exclusive remedy."); see also McCarthan v. Dir. of Goodwill Indus.– Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc) ("Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the 'saving clause' at the end of that subsection."). Because McCray is in custody within the meaning of § 2255(a), and because he challenges the lawfulness of his conviction and sentence, the Motion is best construed as a motion to vacate, set aside, or correct sentence under § 2255.

However, before the Court reconstrues the Motion as a § 2255 motion, the Court must issue certain warnings required by Castro v. United States, 540 U.S. 375 (2003).

> The Supreme Court held in Castro that when a district court recharacterizes a pro se motion as a § 2255 habeas petition, it must: 1) notify the litigant of the pending recharacterization; 2) warn the litigant that the recharacterization will subject any subsequent § 2255 motion to restrictions; and 3) provide the litigant an opportunity to withdraw the motion or amend it to include all available § 2255 claims.

Figuereo-Sanchez v. United States, 678 F.3d 1203, 1206 (11th Cir. 2012) (citing Castro, 540 U.S. at 383).

2

The Court now cautions McCray that it intends to recharacterize his Motion to Dismiss Indictment Per Rule 12(b)(2) as a motion to vacate sentence under 28 U.S.C. § 2255. If the Court recharacterizes the Motion as a § 2255 motion, any subsequent § 2255 motion he may later file would be subject to § 2255(h)'s restrictions on second or successive motions to vacate, meaning he would have to obtain permission from the Eleventh Circuit Court of Appeals before filing. If McCray does not want the Motion to be construed as a § 2255 motion, he may withdraw it. If McCray wishes to proceed under § 2255, he may proceed on the Motion as it is, or he may amend it to include all available § 2255 claims. The Court provides further instructions below.

Accordingly, it is hereby **ORDERED:**

1. The Court intends to recharacterize the Motion to Dismiss Indictment Per Rule 12(b)(2) (Doc. 108) as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The Court warns McCray that if the Court recharacterizes the filing as a § 2255 motion, doing so will trigger § 2255(h)'s restrictions on second or successive motions to vacate.

2. If McCray does not want the Motion to be reconstrued as a § 2255 motion, he may withdraw it. If McCray does wish to proceed under § 2255, he may amend his Motion to include all available § 2255 claims. If McCray amends his Motion to include all available § 2255 claims, he should use the enclosed § 2255 form (AO Form 243).

3. No later than **August 8, 2023**, McCray must do one of the following: (a) notify the Court that he wishes to withdraw the Motion (Doc. 108), (b) notify the Court that he wishes to proceed under § 2255 with his current claims, or (c) amend his motion, using the enclosed § 2255 form, to include any § 2255 claims he wishes to raise. Failure to respond in accordance with these instructions by the above deadline may result in dismissal of the Motion without prejudice for failure to prosecute.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of June, 2023.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:
Parties and counsel of record

Encl:
AO Form 243 (§ 2255 form)

4