**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DUANE LAMONTE MCCRAY,

Petitioner,

vs. Case No.: 3:23-cv-1046-MMH-PDB
3:20-cr-123-MMH-PDB

UNITED STATES OF AMERICA,

Respondent.
_____________________________________/

# ORDER

This cause is before the Court on Duane Lamonte McCray's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. 1, § 2255 Motion).[1] In the § 2255 Motion, McCray alleges that the Superseding Information[2] to which he pled guilty should be dismissed for lack of jurisdiction. See generally § 2255 Motion. The United States has responded in opposition. (Civ. Doc. 6, Respondent's Motion to Dismiss). The case is ripe for a decision.

[1] Citations to the record in the underlying criminal case, United States vs. Duane Lamonte McCray, No. 3:20-cr-123-MMH-PDB, will be denoted "Crim. Doc. __." Citations to the record in this civil § 2255 case, No. 3:23-cv-1046-MMH-PDB, will be denoted "Civ. Doc. __."

[2] Where McCray refers to his Indictment, the Court will construe it as a reference to dismiss the Superseding Information. (Crim. Doc. 70; Superseding Information). This is because the Superseding Information was the operative charging document underlying his conviction.

Pursuant to 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings,[3] the Court has considered the need for an evidentiary hearing and determines that a hearing is not necessary to resolve the merits of this action. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing on a § 2255 motion is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief); Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007).[4] For the reasons discussed below, McCray's § 2255 Motion is due to be dismissed as time-barred.

## I. Background

On September 16, 2020, a federal grand jury returned a three-count Indictment against Duane Lamonte McCray and Brandy Sue Rayburn. (Crim. Doc. 1). Later, the United States filed, and McCray pled guilty, to the charges in the Superseding Information. (Crim. Doc. 79; Plea Agreement). In Count One of the Superseding Information, the United States charged McCray and co-

---

[3] Rule 8(a) of the Rules Governing Section 2255 Proceedings expressly requires the Court to review the record, including any transcripts and submitted materials, to determine whether an evidentiary hearing is warranted before resolving a § 2255 motion.

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

defendant Rayburn with knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Id. at 1. On December 7, 2021, McCray appeared before the Honorable Patricia D. Barksdale and entered a guilty plea to the charge in the Superseding Information pursuant to a written Plea Agreement. (Crim. Doc. 81; Report and Recommendation Concerning Guilty Plea). In doing so, McCray admitted that from in or about April 2020 until on or about May 3, 2020, he sold cocaine and other drugs and obtained a firearm to protect the drug dealing operation. Id. at 16. McCray specifically admitted that (1) he knowingly possessed cocaine with the intent to distribute it, (2) he knowingly possessed a firearm, and (3) the possession of the firearm was in furtherance of the drug trafficking offense, that is, possession with intent to distribute cocaine. Id. at 15. The Court accepted McCray's guilty plea and adjudicated him guilty of the offense charged in the Superseding Information. (Crim. Doc. 83; Acceptance of Plea of Guilty, Adjudication of Guilt, and Notice of Sentencing).

On March 7, 2022, the Court sentenced McCray to a term of 60 months in prison followed by five years of supervised release. (Crim. Doc. 98; Judgment). The Court entered judgment on the same day. Id. McCray did not file a notice of appeal. As such, McCray's conviction and sentence became final on March 21, 2022, when the 14-day period to file a notice of appeal expired. See Fed. R. App. P. 4(b)(1)(A); Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999).

On May 11, 2023, about 14 months after his conviction became final, McCray filed a document titled "Motion to Dismiss Indictment Per Rule 12(b)(2)" seeking a dismissal of his "Indictment" (actually the Superseding Information) for lack of jurisdiction. See generally § 2255 Motion. Because McCray was in custody within the meaning of § 2255(a) at the time of his filing, and because he challenged the lawfulness of his conviction and sentence, the Court notified the parties that the "Motion to Dismiss" was due to be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Crim. Doc. 109; Castro Order). However, before doing so, the Court issued warnings to McCray as required by Castro v. United States, 540 U.S. 375 (2003). Id. at 2. On August 15, 2023, McCray filed a Notice to Proceed advising, albeit grudgingly, that he would proceed, as directed by the Court, with his filing construed as a motion to vacate under 28 U.S.C. § 2255. (Crim. Doc. 113). Therefore, the Court directed the Clerk of the Court to open a civil § 2255 case and to file the "Motion to Dismiss Indictment Per Rule 12(b)(2)" and the Notice to Proceed in that case. (Crim Doc. 114). The Clerk of the Court did so, and the Court now addresses the construed § 2255 Motion.

## II. McCray's § 2255 Motion

McCray raises one ground in the § 2255 Motion. He alleges that the Court lacked jurisdiction to impose judgment against him for possessing a firearm in furtherance of a drug trafficking crime because the United States did not charge

or prove the substantive drug offense. See § 2255 Motion at 1. Additionally, McCray contends that the Court exceeded its statutory and constitutional authority by sentencing him to five years in prison even though his conduct was not a "crime of violence" or a "drug trafficking crime." Id. at 2. The United States argues that the § 2255 Motion should be dismissed as untimely because McCray filed it more than one year after his conviction and sentence became final. See Respondent's Motion to Dismiss at 1. The United States also argues that McCray's contention that the Court lacked jurisdiction to impose the judgment against him is without merit. Id. at 4. McCray filed a response to Respondent's Motion to Dismiss (Civ. Doc. 9; Response). In it, however, he does not address the United States' argument that the § 2255 Motion is untimely. See generally id. Instead, he reasserts the arguments in the § 2255 Motion and asks the Court to dismiss the Superseding Information. Id. at 2.

## III. Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal prisoner may move to vacate, set aside, or correct his sentence within a one-year limitations period. 28 U.S.C. § 2255(f). The statute of limitations runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of

> the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. "Typically, the applicable triggering date is 'the date on which the judgment of conviction becomes final.'" Beeman v. United States, 871 F.3d 1215, 1219 (11th Cir. 2017) (quoting 28 U.S.C. § 2255(f)(1)).

Because § 2255(f) "is a garden-variety statute of limitations, and not a jurisdictional bar," Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999), a court "may equitably toll the statute of limitations if the inmate untimely filed due to extraordinary circumstances outside of his control and unavoidable with diligence[,]" Mims v. United States, 758 F. App'x 890, 892 (11th Cir. 2019) (citing Jones v. United States, 304 F.3d 1035, 1039 (11th Cir. 2002)). "Further, a showing of actual innocence provides an exception to the time-bar under AEDPA." Id. (citing McQuiggin v. Perkins, 569 U.S. 383, 386, 394-95 (2013)).

Here, McCray's § 2255 Motion is untimely. His conviction and sentence became final on March 21, 2022, when the time to file a notice of appeal expired. McCray did not file the § 2255 Motion until May 15, 2023, about 14 months

after his conviction and sentence became final. See § 2255 Motion at 1. Because McCray did not file the § 2255 Motion until more than a year after his conviction and sentence became final, the § 2255 Motion is not timely under § 2255(f)(1). Notably, McCray does not allege, nor is there any indication, that his § 2255 Motion is timely under the alternative accrual dates set forth in §§ 2255(f)(2)-(4). Indeed, the law and the facts underpinning McCray's allegations have been available, or were known to McCray, since the date he entered his plea, even before his conviction and sentence became final. And he makes no attempt to show that he can avoid the statute of limitations under the equitable tolling or actual innocence exceptions. In any event, no basis for applying the equitable tolling or actual innocence exception to the statute of limitations is apparent here. Accordingly, McCray's § 2255 Motion is untimely and is due to be dismissed as such.

## IV. Certificate of Appealability

A certificate of appealability is not warranted here. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, McCray "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were

'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record, this Court will deny a certificate of appealability.

As such, and in accordance with the Rules Governing Section 2255 Cases in the United States District Courts, it is hereby **ORDERED:**

1. The United States' Motion to Dismiss Petitioner's Untimely 28 U.S.C. § 2255 Motion (Civ. Doc. 6) is **GRANTED**.
2. Petitioner Duane Lamonte McCray's Motion to Dismiss Indictment Per Rule 12(b)(2) (Civ. Doc. 1) construed as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DISMISSED WITH PREJUDICE**.

3. The Clerk of the Court is **directed** to enter **JUDGMENT** in favor of the United States and against McCray and close the file.

4. If McCray appeals the denial of the petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 26th day of August, 2026.

Marcia Morales Howard
**MARCIA MORALES HOWARD**
United States District Judge

i68
Copies:
Counsel of record
Petitioner